UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERL SIMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. DOERER, et al.,<br><br>        Defendants. | No. 1:24-cv-01528-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 1) |

On December 13, 2024, Plaintiff filed this civil rights complaint pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>see also</u> 28 U.S.C. § 1915A(b).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

On or about August 9 through October 9, 2024, a lockdown occurred at the United States Penitentiary in Atwater.  Plaintiff was confined to his cell for 24 hours a day.  During this time, Plaintiff did not have access to: (1) administrative grievance forms; (2) courts; (3) communication; (4) mail; (5) medical treatment; (6) personal property; and (7) cleaning supplies.

## III.

## DISCUSSION

**A.      Exhaustion of Administrative Remedies**

On the form complaint, Plaintiff checks the box "no" in response to the question whether there are any administrative remedies available at his institution and states "See supporting Facts above." (ECF No. 1 at 4.)  Plaintiff states that he "was Denied Access to Administrative Remedies and cut off from the World for over 60 days." (Id.)  Within the complaint, Plaintiff

2

further states that the "Unit Team . . . were responsible to make Administrative Remedy Forms (to include Federal Tort Claim Act forms) available to the Plaintiff[, and that he] had no way to approach the Unit Team members to request administrative remedy forms." (Id.)  Plaintiff submits he requested informal resolution of issues and administrative remedy forms but the unit team members in question "did not provide any access to [the forms] during this time period"— when "USP Atwater was locked down from on or about [August 9, 2024 to October 9, 2024]." (Id.)  Although Plaintiff indicates that "[t]he complete [and] utter denial of access [to] any form of recourse for 2 months makes this complaint ripe for court intervention[,]"  Plaintiff fails to state whether he exhausted his remedies between the relevant dates of the lockdown incident to December 5, 2024, the date he signed his complaint.

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a condition precedent to filing a civil rights claim. Woodford v. Ngo, 548 U.S. 81, 93 (2006); see also McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002).  Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. Booth v. Churner, 532 U.S. 731, 741 (2001).  And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. Woodford, 548 U.S. at 93.  A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. Jones v. Bock, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. Id. at 218.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

The California prison grievance system has two levels of review. Cal. Code Regs. tit. 15, §§ 3483, 3485. "Completion of the review process by the Institutional or Regional Office of Grievances resulting in a decision of 'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(8) through (g)(10) of [ ] section [3483] does constitute exhaustion of all administrative remedies available to a claimant within the department." Cal. Code Regs. tit. 15, § 3483(l)(2). Additionally, "[c]ompletion of the review process by the Office of Appeals resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,' 'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(1) through (g)(3) and (g)(8) through (g)(10) of [ ] section 3485 constitutes exhaustion of all administrative remedies available to a claimant within the department." Cal. Code Regs. tit. 15, § 3485(l)(1).

In general, failure to exhaust is an affirmative defense that the defendant must plead and prove. Jones, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino, 747 F.3d at 1166. Here, it appears clear on the face of his complaint that Plaintiff has failed to exhaust administrative remedies prior to filing suit. Plaintiff contends he should be relieved of the requirement to exhaust administrative remedies because, during the 60-day lockdown, he was unable to access grievance forms. However, Plaintiff presents no allegations to demonstrate that this was anything more than a temporary and routine unavailability. Indeed, Plaintiff has failed to show whether any efforts by him to exhaust administrative remedies after the lockdown ended were thwarted. Accordingly, it appears has not complied with the requirement to exhaust administrative remedies. See, e.g., Talley v. Clark, 111 F.4th 255, 264 (3d Cir. 2024) (even if administrative remedies were temporarily unavailable during suicide watch without access to writing materials, it did not excuse inmate's failure to request an extension once he was released and able to complete the necessary forms.); Smith v. Hendrick, No. 1:21-cv-1704, 2024 WL 4244831, at *7 (M.D. Pa. Sept. 29, 2024) (inmate purportedly denied access to grievance forms during the approximately three-month period, but he did not request an extension of time to file a grievance once he was removed from the RHU, which demonstrated failure to exhaust administrative remedies.); Roman

4

v. Knowles, No. 07cv1343-JLS (POR), 2011 WL 3741012, at *7 (S.D. Cal. June 20, 2011) ("Plaintiff does not plead facts sufficient to establish an intentional and systematic obstruction to administrative remedies that, on its own, would render those remedies unavailable, and excuse his inability to exhaust them. Plaintiff's pleadings themselves contain facts sufficient to establish that these remedies were only temporarily unavailable and thus exhaustion should not be excused."); Dean v. Prison Health Servs., No. 10-14135, 2011 WL 1630114, at *8 (E.D. Mich. Mar. 28, 2011) ("The mere fact that forms were temporarily unavailable to Plaintiff is insufficient to establish exhaustion") (citing cases).

## II.

## ORDER

Accordingly, it is HEREBY ORDERED:

1. Within **twenty-one (21)** days of service of this order, Plaintiff shall show cause why this action should not be dismissed for his failure to exhaust his administrative remedies before filing suit; and

2. Plaintiff's failure to timely to respond to this order will result in the recommendation that this action be dismissed for failure to comply with a court order or prosecute this action.

IT IS SO ORDERED.

Dated:  **December 18, 2024**

STANLEY A. BOONE
United States Magistrate Judge